# IN THE SUPREME COURT OF IOWA

No. 18–0189

Filed May 29, 2019

**JULIE PFALTZGRAFF,**

Appellant,

vs.

**IOWA DEPARTMENT OF HUMAN SERVICES,**

Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

DHS seeks further review of a court of appeals decision. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Trent W. Nelson of Sellers, Galenbeck & Nelson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor General, and Tabitha J. Gardner, Assistant Attorney General, for appellee.

**CHRISTENSEN, Chief Justice.**

This appeal is a companion case to *Endress v. Iowa Department of Human Services,* ___ N.W.2d ___, ___ (Iowa 2020) and raises similar issues. The Iowa Department of Human Services (DHS) attempted to recoup $31,815.46 for child-care services rendered by the provider during agency review of her cancelled provider agreement and registration. DHS seeks further review of the court of appeals decision that held DHS's notice concerning recoupment of child-care service payments was constitutionally deficient. DHS also seeks further review of the court of appeals decision awarding the provider attorney fees under Iowa Code section 625.29(1)(*b*) (2017). For the reasons set forth in *Endress,* we vacate the court of appeals decision on these matters. However, the provider should be allowed to raise unjust enrichment as an offset to DHS's effort to recoup overpayments. Regarding the provider's reapplication for a CCAP agreement, we affirm the court of appeals decision that she failed to preserve error on this claim. Therefore, the decision of the court of appeals is affirmed in part and vacated in part; we affirm in part and reverse in part the judgment of the district court. We remand the case to the district court to remand to DHS for consideration of the provider's equitable relief.[1]

## I. Background Facts and Proceedings.

Julie Pfaltzgraff was a registered child-care provider with DHS. On May 6, 2016, DHS revoked Pfaltzgraff's Child Care Assistance Provider (CCAP) agreement as well as her registration. The notice indicated Pfaltzgraff may keep her benefits while an appeal is pending but it cautioned, "Any benefits you get while your appeal is being decided may have to be paid back if the Department's action is correct." Pfaltzgraff

---

[1]For the reasons discussed in *Endress,* this opinion controls all aspects of the disposition of this appeal.

elected to appeal the revocations. The appeal form asked, "Do you want your benefits to continue during your appeal?" It again cautioned, "You may have to pay them back, if you lose your appeal." Pfaltzgraff checked "Yes" to continue her benefits. DHS affirmed its decision to terminate Pfaltzgraff's CCAP agreement but reversed its decision to revoke her child-care registration. Pfaltzgraff did not seek judicial review of the final decision. She submitted a new application for a CCAP agreement and was approved.

One month after the final decision, DHS sent Pfaltzgraff a "Notice of Child Care Assistance Overpayment" in the amount of $31,815.46 for the months of May 2016 to October 2016. DHS alleged the overpayment was due to "[a] mistake by [Pfaltzgraff] that caused DHS to pay [her] incorrectly for child care services" and that the "overpayment happened because of [her] choice to continue benefits pending an appeal." Pfaltzgraff appealed, and DHS affirmed it "correctly computed and established a claim for overpaid child care assistance." Pfaltzgraff petitioned for judicial review of DHS's decision. The district court concluded the recoupment exercised by DHS comported with due process and affirmed. The district court determined the other issues argued and presented by Pfaltzgraff were not preserved for appeal.

The court of appeals reversed the district court's judgment regarding the recoupment of CCAP overpayments and determined Pfaltzgraff was entitled to an award of her attorney fees. It also affirmed the district court's decision that Pfaltzgraff failed to preserve error on her claim respecting the processing of her reapplication for a new CCAP agreement. We granted further review.

## II. Standard of Review.

Different standards of review apply to the claims raised by Pfaltzgraff. First, the Iowa Administrative Procedure Act defines the standards we apply in our judicial review of agency action to determine whether we reach the same conclusion as the district court. *See* Iowa Code § 17A.19(10); *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 242 (Iowa 2018). "The district court may properly grant relief if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(*a*) through (*n*)." *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017).

Second, Pfaltzgraff's constitutional claims in agency proceedings are reviewed de novo. *Ghost Player, L.L.C., v. State*, 860 N.W.2d 323, 326 (Iowa 2015).

Finally, we review for the correction of errors at law whether attorney fees are available. *Colwell v. Iowa Dep't of Human Servs.*, 923 N.W.2d 225, 232 (Iowa 2019).

## III. Analysis.

For the reasons stated in *Endress*, we conclude DHS's notice of recoupment meets procedural due process requirements. We affirm the district court on this basis. However, we conclude Pfaltzgraff should be allowed an opportunity to raise unjust enrichment as an offset against DHS's effort to recoup overpayments. At the administrative level, Pfaltzgraff argued, "[T]he Department will be unjustly enriched if she is forced to repay the childcare assistance payments billed for services rendered." The administrative law judge (ALJ) deemed her claim to be without merit. Likewise, Pfaltzgraff pursued her claim of unjust enrichment in her action for judicial review, which the district court deemed unpreserved. We think this was error. As we explained in

*Endress*, even when a party is in breach, the party "has a claim in restitution against the recipient of performance, as necessary to prevent unjust enrichment." Restatement (Third) of Restitution & Unjust Enrichment § 36(1), at 585–86 (Am. Law Inst. 2011). Here, the issue remaining is whether DHS's enrichment at Pfaltzgraff's expense was "under circumstances that make it unjust for [DHS] to retain the benefit." *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 577 (Iowa 2019). Therefore, we remand to the district court to remand to DHS so that it may fully consider Pfaltzgraff's unjust-enrichment claim as an offset against DHS's claim for recoupment.

We also conclude, as expressed in *Endress*, that DHS's role in this case was primarily adjudicative. Therefore, DHS is not liable for Pfaltzgraff's attorney fees under Iowa Code section 625.29(1)(*b*). With respect to Pfaltzgraff's claim that DHS failed to process her reapplication for a CCAP agreement, we agree she failed to preserve error on that claim. During Pfaltzgraff's appeal of the overpayment computation, the ALJ noted in its proposed decision,

> Pfaltzgraff originally submitted an application for a new child care assistance agreement on September 2, 2016. That application was rejected by the Department. In doing so, the Department asserted that it could not consider a new application while the status of her previous child care assistance agreement was being considered on appeal. The Department could not cite any legal basis for this claim. *However, it does not appear Pfaltzgraff appealed that action and it is not properly before this administrative law judge for review.*

(Emphasis added.) We affirm the district court's conclusion that this issue was not preserved.

### IV. Conclusion.

DHS's notice of recoupment afforded Pfaltzgraff procedural due process. However, we conclude Pfaltzgraff should be allowed an

opportunity to raise unjust enrichment as an offset to DHS's effort to recoup overpayments. We therefore vacate the court of appeals decision and reverse the district court judgment on this issue and remand to the district court with directions to remand the matter to the agency to consider unjust enrichment as an offset (at least in part) to DHS's claim for recoupment. Because DHS's role in this case was primarily adjudicative, it is not liable for Pfaltzgraff's attorney fees. Therefore, we vacate the court of appeals decision on this issue. Lastly, we affirm the court of appeals decision and the district court judgment that Pfaltzgraff failed to preserve error on her claim regarding the reapplication for a CCAP agreement.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Waterman and Mansfield, JJ., join this opinion. Appel, J., files a concurrence in part and dissent in part. McDonald, J., files a separate concurrence in part and dissent in part joined by Oxley and McDermott, JJ.

#18–0189, *Pfaltzgraff v. Iowa Dep't of Human Servs.*

**APPEL, Justice (concurring in part and dissenting in part).**

As I articulated in *Endress v. Iowa Department of Human Services*, ___ N.W.2d ___, (Iowa 2020) (Appel, J., concurring in part and dissenting in part), I would affirm the decision of the district court on the due process issue, but I would reverse the decision of the district court on the question of availability of attorney fees under Iowa Code section 625.29.

#18–0189, *Pfaltzgraff v. Iowa Dep't of Human Servs.*

**McDONALD, Justice (concurring in part, dissenting in part).**

For the reasons set forth in my separate opinion in *Endress v. Iowa Department of Human Services*, ___ N.W.2d ___, ___ (Iowa 2020) (McDonald, J., concurring in part and dissenting in part), I concur in part and dissent in part. I would affirm the judgment of the district court in all respects.

Oxley and McDermott, JJ., join this concurrence in part and dissent in part.